## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARIA SPASSOVA,

        Appellant,

    v.

DEPARTMENT OF AGRICULTURE,

        Agency.

DOCKET NUMBER
DC-1221-22-0496-W-1

DATE: February 28, 2025

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Maria A. Spassova, Great Falls, Virginia, pro se.

Stephanye Snowden, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman*
Raymond A. Limon, Member

*Vice Chairman Kerner recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On review, the appellant argues that the administrative judge ignored portions of her appeal and committed procedural error by not allowing discovery on jurisdiction and by dividing the proceedings instead of considering her multiple Office of Special Counsel (OSC) files in a single appeal. She argues that, when she informed OSC of the Letter of Reprimand at issue in Complaint 1 (MA-22-000539), she was reporting an abuse of authority, and that the agency retaliated against her for that disclosure or activity by taking actions described in her subsequent OSC complaints, such as not allowing her to compete for a detail, systematically harassing her, and issuing her a Counseling Memorandum. She also argues that jurisdictional discovery should have been permitted under the Federal Rules of Civil Procedure and that discovery would have clarified her disclosure concerning the SAS software, among other matters.

We find no error in the administrative judge's decision to consider the appellant's multiple OSC complaints in separate appeals. To the extent the appellant argues that the agency retaliated against her for Complaint 1 and the

disclosures made therein, as she previously alleged before OSC in Complaint 2 (MA-22-001437), she has not been prevented from pursuing that retaliation claim in the appropriate proceeding, which was refiled at the regional office on December 15, 2023, under MSPB Docket No. DC-1221-23-0094-W-2.[2]  *See Spassova v. Department of Agriculture*, MSPB Docket No. DC-1221-23-0094-W-1, Initial Decision (Aug. 17, 2023).

It does not appear that the appellant timely objected to the administrative judge's decision to stay discovery pending a finding of jurisdiction, and, in any case, we discern no abuse of discretion in that ruling.  *See Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992) (holding that the Board will not reverse an administrative judge's rulings on discovery matters absent an abuse of discretion), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table).  The dispositive jurisdictional issue, i.e., whether the appellant nonfrivolously alleged that she made protected disclosures that contributed to a personnel action, is determined based on whether the appellant alleged sufficient factual matters, accepted as true, to state a claim that is plausible on its face.  *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed. Cir. 2022).  Thus, the jurisdictional issue was appropriately resolved based on the allegations contained in the appellant's pleadings, and further discovery would have been on the merits. To the extent the appellant argues that the administrative judge's ruling was inconsistent with the Federal Rules of Civil Procedure, we note that the Rules are instructive but not controlling in Board proceedings.  *See Wagner v. Department of Homeland Security*, 105 M.S.P.R. 67, ¶ 14 (2007); *see* 5 C.F.R. § 1201.72(a).

---

[2] In finding that the appellant exhausted her administrative remedies before OSC, the administrative judge stated that the appellant was required to show that she informed OSC of the precise grounds of her claim.  *Spassova v. Department of Agriculture*, MSPB Docket No. DC-1221-22-0496-W-1, Initial Decision at 4.  However, to prove exhaustion, an appellant need only show that she provided OSC with a sufficient basis to pursue an investigation that might lead to corrective action.  *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10.  Under the circumstances, however, we find that the administrative judge's error did not prejudice the appellant's substantive rights.

Finally, we discern no error in the administrative judge's finding that the appellant failed to nonfrivolously allege that the disclosures at issue in Complaint 1, concerning the SAS software and the alleged hostile work environment, were protected disclosures under 5 U.S.C. § 2302(b)(8). The appellant's mere disagreement with those findings does not warrant further review. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:               _____

                             *Gina K. Grippando*

                             Gina K. Grippando
                             Clerk of the Board

Washington, D.C.